UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEBORAH HILL and ROBERT
HILL, her husband,

        Plaintiffs,        CASE NO.: 4:20-cv-00524-MW-MAF

vs.

DIEBOLD NIXDORF, INC.,

        Defendant.
_____/

**DEFENDANT DIEBOLD NIXDORF INC.'S OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT AND MOTION TO REMAND**

**I.    INTRODUCTION**

Defendant Diebold Nixdorf, Inc. ("Diebold"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 1447(e), submits this Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint ("Motion for Leave") and Motion to Remand (collectively, "Plaintiffs' Motions"). Six weeks **after** the Court's February 26, 2021 deadline to amend pleadings, Plaintiffs have belatedly sought leave to amend their Complaint to add a non-diverse defendant (Bryan Trimmer) in an effort to destroy this Court's subject matter jurisdiction. Since day one, however, Plaintiffs' claims have centered on the actions of Diebold's "employees and agents." Moreover, since at least December 2020, Plaintiffs have been aware of Mr. Trimmer's identity as the service technician who performed the repairs that

Plaintiffs claim created the hazardous condition. Yet, Plaintiffs waited over three years after the fall, five months after removal to federal court, three months after Diebold disclosed Mr. Trimmer's identity, and six weeks after the deadline to join additional parties to seek leave to add Mr. Trimmer.

Plaintiffs' motions should be denied because: (1) the sole purpose of Plaintiffs' proposed amendment is to destroy diversity jurisdiction in this Court; (2) Plaintiffs were dilatory in seeking to join Mr. Trimmer; (3) Plaintiffs will not suffer any prejudice if the amendment is not allowed; and (4) a balance of the equities does not support joinder of a non-diverse defendant. Accordingly, Diebold respectfully requests that this Court deny Plaintiffs' Motion to Amend and Motion to Remand.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

This case arises from an alleged slip-and-fall that occurred on October 2, 2017, at Centennial Bank in Apalachicola, Florida. Plaintiffs allege that Mrs. Hill sustained injuries after slipping on "lubricants, cleaners, or other substances . . . that were negligently left on the floor having been used by Diebold **and its employees or agents**." (Doc. 7, Pl. Am. Compl., ¶ 19) (emphasis added). Indeed, Plaintiffs' Amended Complaint (filed as recently as November 12, 2020) makes it clear that her claims arose from the alleged conduct of Diebold's "employees or agents":

> **FACTUAL ALLEGATIONS**
>
> 12. On October 2, 2017, Diebold, directly and through its employees or agents, was performing repairs and/or maintenance on the vault at Centennial Bank branch located at 22 Avenue E, Apalachicola, Florida.
>
> 13. During the performance of repairs and/or maintenance of the vault, Diebold, directly and through its employees or agents, negligently used lubricants, cleaners or other substances such that residue got onto the tile floor of the bank.
>
> 14. The lubricants, cleaners or other substances being used by Diebold, its employees or agents, were clear or were so lightly colored substances that when on the tile floor of the bank they were not visible or were extremely difficult to see by those in the bank other than Diebold and its employees or agents, thereby causing a deceptively dangerous condition likely to cause injury, loss or damage to people inside the bank, including but not limited to bank employees and customers.
>
> 15. Diebold, directly and through its employees or agents, failed to warn anyone in the bank, including bank employees and customer, that the floors were and would be slippery.
>
> 16. Diebold, directly through its employees or agents, failed to deploy any adequate signs warning of the dangerous condition, failed to put up any adequate caution tape, failed to adequately rope the area off, and failed to prevent people in the bank from walking near the vault or area where they know the slippery substances and residue would likely get on the bank floor.

(Doc. 7, Pl. Am. Compl., ¶¶ 12-16). Yet, Plaintiffs chose to proceed against only Diebold as a defendant—not the employee that serviced the bank and allegedly created the hazardous condition nor a John Doe. On November 3, 2020, Diebold removed the case, which was originally filed in state court, on the basis of diversity jurisdiction. (Doc. 1). On November 12, 2020, Plaintiffs filed an Amended Complaint to correct a non-substantive error. (Doc. 7).

Not only did Plaintiffs' allegations focus on the conduct of Diebold's employee, but Diebold disclosed the identity of the service technician at the outset of discovery. On December 21, 2020, Diebold stated in its Rule 26 Initial Disclosures that:

> 3.  Bryan Trimmer
>     Diebold Senior Service Technician
>
> Bryan Trimmer was the Diebold technician who serviced the bank vault door at Centennial Bank, 22 Ave. E, Apalachicola, Florida 32320 on October 2, 2017. Mr. Trimmer will have information about the service he performed on that date.

(Ex. A, Diebold's Rule 26(a)(1) Initial Disclosures). Diebold also produced Mr. Trimmer's timecard and call log as part of its Initial Disclosures. (Ex. B, DIEBOLD0006-12). These documents further demonstrated that Mr. Trimmer cleaned and serviced the vault door on October 2, 2017 (the day prior to the alleged incident). Plaintiffs even relied on this disclosure when requesting Mr. Trimmer's deposition. (Ex. C, 2/14/21 Email from D. Rash to S. Fox) ("In the meantime, we would like to take the deposition of Bryan Trimmer, Diebold's Senior Service Technician disclosed in Diebold's Initial Disclosures.").

Plaintiffs did not propound interrogatories or requests for admission seeking information about Mr. Trimmer or the service he performed. Rather, their written discovery efforts consisted of only 13 requests for production. Diebold responded to

these requests on January 8, 2021—49 days before the deadline to join additional parties. Diebold mentioned Mr. Trimmer's name in its responses no less than eight times. (Ex. D, Diebold's Responses to Pls.' Requests for Production; *see also* Doc. 11.). In regards to Mr. Trimmer, Diebold produced his training history and later supplemented its responses following the execution of a confidentiality agreement to include Mr. Trimmer's personnel file.

On February 26, 2021, the deadline to join additional parties passed without Plaintiffs requesting an extension. The parties began deposing witnesses shortly thereafter. Plaintiffs sought a corporate witness from Diebold before requesting Mr. Trimmer's deposition – despite their current position that they "still needed Mr. Trimmer" to determine whether they had an independent claim against him. (Motion to Amend, pp. 3-4.) Diebold produced two Rule 30(b)(6) witnesses, John Callen and Keith Hyser, on March 8, 2021. Mr. Callen provided testimony relating to Diebold's training and safety policies, and Mr. Hyser provided testimony relating to his supervision of Mr. Trimmer in 2017. On March 23, 2021, Plaintiffs deposed Mr. Trimmer himself, and on April 1, 2021, Diebold deposed both Plaintiffs. Plaintiffs allege that they did not have an independent cause of action against Mr. Trimmer until these depositions were completed. (Motion to Amend, pp. 9-10.) Plaintiffs then filed their Motion to Amend and Motion to Remand six weeks after the deadline to join additional parties.

5

## III.  ARGUMENT

Plaintiffs' reliance on Federal Rule of Procedure 15(a) as support for leave to amend is misplaced. Rule 15(a) does not apply where a party seeks to add a non-diverse party in a removed case. *Sharp v. K-Mart Corp.*, 991 F.Supp. 519, 521 (M.D. La. 1998) ("[T]he right to freely amend set forth in Rule 15 of the Federal Rules of Civil Procedure does not apply where a party seeks to add a non-diverse party in a removed case."). Although Plaintiffs seek to add Mr. Trimmer as a defendant under Rule 15(a), the amendment amounts to, and should be characterized as, a "joinder" pursuant to Rule 20 of the Federal Rules of Civil Procedure. *Ingram v. CSX Transportation, Inc.*, 146 F.3d 858 (11th Cir. 1998) (holding that an amendment amounted to joinder under Rule 20 because it sought to add claims against a new party that arose out of the same transaction or occurrence as her alleged right to relief against Defendant CSX).

Further, Section 1447(e) specifically contemplates joinder that destroys subject matter jurisdiction in cases that have already been removed from state to federal court. *See* 28 U.S.C. § 1447(e). Section 1447(e) provides that, "if after removal the plaintiff seeks to join additional defendants whose **joinder** would destroy subject matter jurisdiction, the court may deny **joinder**, or permit **joinder** and remand the action to state court." *Id.* (emphasis added). In determining whether to allow joinder under § 1447(e), courts are to examine the following factors:

    (1)    The extent to which the purpose of the amendment is to defeat federal jurisdiction,

    (2)    Whether the plaintiff has been dilatory in asking for the amendment,

    (3)    Whether the plaintiff will be significantly injured if the amendment is not allowed, and

    (4)    Any other factors bearing on the equities.

*Heininger v. Wecare Distributors, Inc.*, 706 F. Supp. 860, 862 (S.D. Fla. 1989) (adopting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989)).

As demonstrated below, all four factors weigh against amendment to add Mr. Trimmer as a defendant.

### A. Plaintiffs are seeking a second amendment to their Complaint solely for the purpose of destroying this Court's subject matter jurisdiction.

The timing and substance of the proposed amendment strongly support a finding that Plaintiffs' sole motivation is to destroy this Court's subject matter jurisdiction. As to timing, courts have found that attempts to add a non-diverse defendant following removal, coupled with circumstances under which the plaintiff knew or should have known the identity of the would-be defendant at an earlier time, "strongly indicates that the purpose of the plaintiff's amendment is to defeat federal jurisdiction." *Smith v. White Consol. Ind., Inc.*, 229 F.Supp.2d 1275, 1280 (N.D. Ala.

Oct. 22, 2002) (finding that plaintiff's amendment to add a non-diverse defendant nine months after removal was intended only to defeat diversity jurisdiction.)

Here, Plaintiffs were aware since no later than December 2020 that Mr. Trimmer was the service technician who worked on Centennial Bank's vault on October 2, 2017. (Ex. A, Diebold's Rule 26(a)(1) Initial Disclosures.) They possessed this knowledge for three months before the amendment deadline and had three years from the date of the incident to discover this information on their own. In short, Plaintiffs had ample time to discover Mr. Trimmer's identity, his conduct on that day, and add him as a defendant to their Complaint.

Further, Mrs. Hill's deposition testimony directly undermines Plaintiffs' contention that their delay in joining Mr. Trimmer was because they *just* discovered "the way he directly performed his job duties" and that "he was personally involved in negligently creating the danger causing Mrs. Hill to slip and fall." (Motion to Amend, p. 4). To the contrary, Plaintiffs state in their Motion to Amend that Mrs. Hill "testified that the Diebold service technician, who we now know was Mr. Trimmer, was spraying what she believed she recognized by smell to be WD-40 on the front and back of the bank vault door, which opened toward the direction of where she slipped and fell." (Motion to Amend, p. 9).[1] Thus, Mrs. Hill had a long-held belief that the technician's conduct caused the hazardous condition.

---

[1] Mrs. Hill's deposition transcript is not yet available.

There is no justification for Plaintiffs' failing to assert claims against Mr. Trimmer once they know of his identity. In many ways, this would be akin to a plaintiff in a motor vehicle accident case claiming to be unaware of a potential claim against the driver of a company vehicle. The potential claim against Mr. Trimmer was clear and obvious before the deadline to join parties passed on February 26, 2021, and the timing of Plaintiffs' Motion to Amend six weeks after that date indicates that Plaintiffs' sole purpose is to destroy diversity jurisdiction.

**B.     Plaintiffs were dilatory in seeking to amend their Complaint to add a non-diverse defendant.**

In *Linares v. Home Depot*, the plaintiff sought leave to amend to join the store manager of defendant Home Depot. The Court noted that the original complaint against the store and the proposed complaint adding the store manager were "substantially similar," which meant that "[c]learly, an extensive investigation was not required to ascertain the claim against [the store manager]." *Linares v. Home Depot U.S.A., Inc.*, No. 12-60308-CIV, 2012 WL 1441577, at *2 (S.D. Fla. Apr. 26, 2012). For this reason, the Court found that "while Plaintiff was not dilatory in asking for amendment two months after the initial filing of the Complaint, Plaintiff was dilatory in alleging a claim against [the store manager] when the accident occurred over a year before he sought to add this party as a defendant." *Id.* at *2, n.3.

Here, the time difference is much starker than in *Linares*. Plaintiffs first sought to add Mr. Trimmer as a defendant more than three years after the fall, five months after removal to federal court, three months after Diebold disclosed Mr. Trimmer's identity in its Initial Disclosures, and six weeks **after** the deadline to amend pleadings. *See also Turner v. Wal-Mart Stores E., L.P.*, No. 7:11-cv-181, 2012 WL 6048949, at *2 (M.D. Ga. Dec. 5, 2012) (finding almost eleven months after removal and two months before discovery ended as dilatory); *D.N. v. Dreamland Amusements, Inc.*, 2011 WL 2269411, at *3 (S.D. Ga. Apr. 20, 2011) (finding that a request to add parties approximately two months after removal, ten months after filing a complaint in state court, and more than four years after the events alleged in the complaint to be dilatory).

During this time, Plaintiffs could have engaged in an investigation or written discovery to explore whether they had an independent claim against Mr. Trimmer. They chose not to do so. Instead, they waited until after the deposition of Mr. Trimmer, himself, to make their claim. Plaintiff could have also named a John Doe defendant until it was able to confirm the identity of the relevant employee(s) and then amended to replace the John Doe when they had sufficient information. Further, if they believed that they had a potential claim against Mr. Trimmer and simply needed additional time to complete their investigation, they could have requested an extension of the deadline to amend pleadings. They did not make any

such effort. Thus, this second factor weighs against permitting this belated amendment.

### C. Plaintiffs will not be prejudiced or injured in any way if the amendment is not allowed.

Plaintiffs will not be prejudiced if Mr. Trimmer is not joined. Plaintiffs do not contend that they will be unable to obtain a judgment from Diebold without Mr. Trimmer's presence; nor have they alleged that Diebold will be unable to provide complete relief for their injuries if they prevail. See *Sexton v. G & K Servs., Inc.*, 51 F.Supp.2d 1311, 1313-14 (M.D. Ala. 1999) (finding no significant injury where plaintiff sought to join non-diverse employee of defendant company as additional defendant because plaintiff did not show that recovery from defendant company would be incomplete). Therefore, there is no indication that Plaintiffs will be prejudiced if Mr. Trimmer is not joined, which weighs against adding him as a defendant in this case.

### D. Diebold's interest in retaining the federal forum favors denial of Plaintiffs' Motion to Amend.

Finally, in determining whether joinder pursuant to § 1447(e) is appropriate, the Court must consider "any other factors bearing on the equities." *Sexton*, 51 F. Supp. 2d at 1312. "In balancing the equities, the parties do not start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum." *Id.* at 1313.

As a diverse defendant, Diebold has an interest in retaining the federal forum. *Heininger*, 706 F. Supp. at 862 (the diverse defendant has an interest in keeping the action in federal court). As recently explained by another District Court:

> Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes. Just as plaintiffs have the right to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to federal court when there is diversity. **Therefore, the district court, when faced with an amended pleading naming a new non-diverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment.**

*Sexton*, 51 F. Supp. 2d at 1313 (internal citations omitted) (emphasis added). The balance of the equities here weighs against allowing amendment because Diebold is a fully solvent defendant who will be vicariously liable for any of Mr. Trimmer's negligent conduct and who has chosen to litigate in federal court. *See Linares*, 2012 WL 1441577, at *3.

## IV.   CONCLUSION

Plaintiffs' request to add Mr. Trimmer as a defendant is markedly late, designed solely to destroy subject matter jurisdiction, and will have no effect on the relief available to Plaintiffs. Accordingly, Diebold respectfully requests that the Court deny Plaintiffs' Motion for Leave to File Second Amended Complaint and Motion to Remand.

Dated: April 19, 2021.	Respectfully submitted,

/s/ Jon J. Hernan
Jon J. Hernan
Florida Bar No.: 658588
**BOWMAN AND BROOKE LLP**
Four Northpoint Center
1064 Greenwood Blvd., Suite 212
Lake Mary, FL  32746-5419
Telephone: (407) 585-7600
Facsimile: (407) 585-7610
jon.hernan@bowmanandbrooke.com

Clifford S. Mendelsohn
(*admitted pro hac vice*)
Savannah M. Fox
(*admitted pro hac vice*)
**TUCKER ELLIS LLP**
950 Main Avenue
Suite 1100
Cleveland, OH 44113-7213
Telephone: (216) 592-5000
Facsimile: (216) 592-5009
clifford.mendelsohn@tuckerellis.com
savannah.fox@tuckerellis.com

***Attorneys for Defendant,
Diebold Nixdorf, Inc.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 19, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

David C. Rash
**DAVID C. RASH, P.A.**
1655 North Commerce Parkway
Suite 303
Weston, Florida
david@dcrashlaw.com
jeff@dcrashlaw.com
maileidys@dcrashlaw.com

*Counsel for Plaintiffs,*
*Deborah and Robert Hill*

                                          */s/ Jon J. Hernan*
                                          Jon J. Hernan